Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
23586 Calabasas Rd., Suite 105
Calabasas, CA 91302
Phone: 323-306-4234
tfriedman@toddflaw.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALEC STONE FERREIRA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EOS FITNESS OPCO HOLDINGS, LLC; FITNESS ALLIANCE, LLC; and DOES 1-10 Inclusive,<br><br>Defendants. | Case No.:<br><br>**CLASS ACTION**<br><br>**ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF UNDER THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

1. ALEC STONE FERREIRA ("Plaintiff") brings this Class Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of EOS FITNESS OPCO HOLDINGS, LLC and FITNESS ALLIANCE, LLC (collectively, "Defendant" or "EoS"), in negligently and/or willfully contacting Plaintiff and the Class on their cellular telephones in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA"), and its implementing regulation at 47 C.F.R. § 64.1200(c), by transmitting unsolicited telemarketing text messages to cellular telephone numbers registered on the National Do-Not-Call Registry, thereby invading their privacy. Plaintiff alleges as follows upon personal knowledge as to himself and

his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and/or text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub. L. No. 102-243, § 2, ¶ 11 (1991). In support of this, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.
>
> Id. at § 2, ¶ 12.

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id.* at § 2, ¶¶ 12-13. See also, *Mims*, 132 S. Ct. at 744.

**<u>JURISDICTION AND VENUE</u>**

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United

States, namely the TCPA, 47 U.S.C. § 227, and its implementing regulations, and the TCPA expressly creates a private right of action for violations of the National Do-Not-Call Registry rules. 47 U.S.C. § 227(c)(5); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012) (federal courts have federal-question jurisdiction over private TCPA actions).

6. This Court has personal jurisdiction over Defendant because Defendant regularly conducts business in the State of California, including by owning and operating EoS Fitness gyms in California and marketing memberships to California consumers, and because Defendant purposefully directed the unlawful text messages at issue to Plaintiff's California cellular telephone number, causing injury to Plaintiff in California. Plaintiff's claims arise directly out of those California-directed contacts.

7. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred within this judicial district. Plaintiff resides in Orange County, California, and Plaintiff received Defendant's unlawful text messages on Plaintiff's cellular telephone while in this district. Venue is also proper under 28 U.S.C. § 1391(b)(1) and (c)(2) because Defendant is subject to personal jurisdiction in this district with respect to this action. Because Plaintiff resides in Orange County, this action is properly assigned to the Southern Division of this Court.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of California, residing in Orange County, California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant EoS Fitness Opco Holdings, LLC ("Opco") is a Delaware limited liability company. Opco owns and operates the EoS Fitness chain of gyms, which numbers more than 225 gyms nationwide, including gyms in California. Plaintiff is informed and believes, and thereon alleges, that Opco operates the EoS Fitness website, mobile application, and mobile messaging service, and markets gym memberships to consumers through recurring text message marketing campaigns.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant Fitness Alliance, LLC ("Fitness Alliance") is a limited liability company registered with the California Secretary of State, with its principal place of business in Phoenix, Arizona, and that Opco is its member and/or manager. Fitness Alliance conducts business as, and holds itself out to consumers as, "EoS Fitness," and, on information and belief, is an entity through which Opco manages and operates EoS Fitness gyms in California.

11. Opco and Fitness Alliance are collectively referred to herein as "Defendant" or "EoS." Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39), and at all relevant times conducted business in the State of California and within this judicial district, either directly or through its agents. Plaintiff is informed and believes, and thereon alleges, that at all relevant times each of the Defendants acted as the agent of the other, within the course and scope of that agency, and that the Defendants jointly sent, or caused to be sent, the text message marketing described herein.

12. The true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true

names and capacities of the DOE Defendants when such identities become known.

## FACTUAL ALLEGATIONS

13. Plaintiff is the regular user of cellular telephone number (818) 370-6255 ("Plaintiff's Number"), a personal cellular telephone number assigned to a cellular telephone service provided by AT&T, to which the text messages described herein were sent. Plaintiff has had Plaintiff's Number for more than a decade, including at all times relevant to this Complaint, and uses it for personal, residential purposes.

14. On June 18, 2026, Plaintiff registered Plaintiff's Number on the National Do-Not-Call Registry, and Plaintiff's Number has remained registered on the National Do-Not-Call Registry at all times since, including at all times relevant to this Complaint. Defendant's first text message described below was sent more than two months after that registration, and therefore well in excess of the thirty-one (31) days required by 47 C.F.R. § 64.1200(c), a fact Defendant knew or, in the exercise of reasonable telemarketing compliance practices, should have known and scrubbed against prior to transmitting its telemarketing text messages.

15. Plaintiff has never contacted, signed up with, or made any inquiry to Defendant, has never been a member of Defendant, and has no business relationship of any kind with Defendant. Plaintiff never provided Defendant with Plaintiff's cellular telephone number for any purpose, and never provided Defendant with prior express invitation or permission, whether written or otherwise, to send telemarketing text messages to Plaintiff's Number. Plaintiff already maintains gym memberships with other providers and had no interest in joining Defendant. Plaintiff did not click the link in either message, did not reply to either message, and did not submit any information to Defendant.

16. On Friday, September 4, 2026, at approximately 5:00 p.m., Defendant transmitted an unsolicited telemarketing text message to Plaintiff's Number from SMS short code 76225, stating: "EoS: Clock out. Work out. Join EoS this Labor Day for 12¢ + memberships as low as $9.99/mo. *Ends 9.7.26 + taxes & $59.99 annual fee. Slct mbrshps & gyms. Rstrctns: eosfitness.com/tnc. Txt STOP to opt out"

17. On Thursday, September 10, 2026, at approximately 1:00 p.m., Defendant transmitted a second unsolicited telemarketing text message to Plaintiff's Number from the same short code, stating: "EoS: We're celebrating 12 years, so go ahead and have your cake and eat it too: 12c to join + $0 dues 'til Oct. 23, 2026. *Ends 9.30.26 + taxes & $59.99 annual fee. $29.99 mthly mbrshps, slct gyms. Rstrctns: eosfitness.com/tnc Txt STOP to optout"

18. Defendant sent both text messages to Plaintiff's Number within the same twelve-month period, six days apart. Each message was sent for the purpose of encouraging the purchase of Defendant's gym memberships and is therefore a "telephone solicitation" and telemarketing message within the meaning of 47 U.S.C. § 227(a)(4) and 47 C.F.R. § 64.1200(f).

19. Each message begins with "EoS:", promotes memberships at Defendant's gyms, and directs the recipient to Defendant's website, eosfitness.com. Plaintiff is informed and believes, and thereon alleges, that SMS short code 76225 is used by or on behalf of Defendant to send text message marketing to consumers.

20. Plaintiff's device displayed the warning, "If you did not expect this message from an unknown sender, it may be spam," in connection with the messages, consistent with the fact that Plaintiff had no relationship whatsoever with Defendant and had never consented to receive its communications.

21. Each of Defendant's messages was a standardized promotional message advertising time-limited membership offers and included the instruction "Txt STOP," demonstrating that the messages were transmitted as part of a recurring, automated telemarketing campaign directed at consumers generally, and not merely an isolated, individually composed communication to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that Defendant sent identical or substantially similar telemarketing text messages from the same short code to thousands of other consumers, including consumers whose numbers were registered on the National Do-Not-Call Registry.

22. Text messages are "calls" within the meaning of the TCPA, and the National Do-Not-Call Registry rules apply to text messages sent to wireless telephone numbers. See 47 C.F.R. § 64.1200(e); Satterfield v. Simon & Schuster, Inc., 569 F.3d 946, 952 (9th Cir. 2009); Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 156 (2016).

23. Defendant's conduct in transmitting telemarketing text messages to Plaintiff's Number without first scrubbing its texting lists against the National Do-Not-Call Registry demonstrates that Defendant failed to institute and/or follow reasonable practices and procedures to honor the National Do-Not-Call Registry, as required by 47 C.F.R. § 64.1200(c).

24. Defendant's actions violated 47 C.F.R. § 64.1200(c), which prohibits telemarketers from initiating telephone solicitations, including text messages, to residential and wireless subscribers whose numbers are listed on the National Do-Not-Call Registry.

25. As a result of the above violations of the TCPA, Plaintiff suffered invasion of privacy, intrusion upon seclusion, aggravation, annoyance, and loss of use and enjoyment of Plaintiff's cellular telephone. These are the very harms Congress sought to prevent by creating the National Do-Not-Call Registry:

Plaintiff registered Plaintiff's Number on the Registry to avoid unsolicited telemarketing, and Defendant disregarded that choice by sending Plaintiff two telemarketing text messages. Defendant is liable to Plaintiff for statutory damages of up to $500 for each such text message, which the Court may increase up to $1,500 for each knowing and/or willful violation, together with costs and injunctive relief.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the following proposed class (hereafter, "the Class").

27. Plaintiff represents, and is a member of, the National Do-Not-Call Registry Class (hereinafter "National DNC Class" or "the Class") defined as follows:

> All persons within the United States (a) whose cellular or residential telephone numbers were listed on the National Do-Not-Call Registry for at least thirty-one (31) days, (b) who received more than one telemarketing call or text message by or on behalf of Defendant promoting Defendant's products or services within any twelve-month period, and (c) who were not members of Defendant at the time of those calls or text messages, within four years prior to the filing of this Complaint through the date of class certification.

28. Defendant, its employees and agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class's members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

29. This action seeks only statutory damages and injunctive relief for economic injury on behalf of the Class. It is not intended to pursue any claim for

personal injury or emotional distress. Plaintiff reserves the right to amend the Class definition or seek additional subclasses as warranted based on discovery and further investigation.

30. The joinder of the Class members is impractical and the disposition of their claims in a class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records, including but not limited to Defendant's National Do-Not-Call Registry scrub records, text messaging logs, and customer contact databases, as well as through Defendant's agents' records.

31. Plaintiff and members of the Class were harmed by Defendant's conduct in at least the following ways: Defendant violated 47 C.F.R. § 64.1200(c) by initiating telemarketing text messages to individuals registered on the National Do-Not-Call Registry, thereby invading their privacy and violating their statutory rights under the TCPA.

32. There exists a well-defined community of interest in the questions of law and fact affecting the Class. These common questions of law and fact predominate over questions affecting only individual Class members and include:

a) Whether Defendant, within the four years prior to the filing of this Complaint through the date of class certification, placed telemarketing calls or text messages to individuals whose numbers were registered on the National Do-Not-Call Registry;

b) Whether Defendant obtained prior express invitation or permission before sending telemarketing text messages to individuals whose numbers were registered on the National Do-Not-Call Registry;

c) Whether Defendant failed to implement and maintain written procedures, as required by 47 C.F.R. § 64.1200(c), to honor the National Do-Not-Call Registry;

d) Whether Defendant's actions violated the TCPA and related FCC regulations;

e) Whether Plaintiff and Class members are entitled to statutory damages and injunctive relief for Defendant's violations; and

f) Whether Defendant should be enjoined from making further telemarketing calls or messages to consumers whose numbers are registered on the National Do-Not-Call Registry.

33. Plaintiff's claims are typical of the claims of the Class because Plaintiff, like other Class members, received unsolicited telemarketing text messages from Defendant despite his number being registered on the National Do-Not-Call Registry. Plaintiff will fairly and adequately represent and protect the interests of the Class, as he has no interests antagonistic to those of the Class.

34. Plaintiff and the members of the Class have suffered irreparable harm as a result of the Defendant’s unlawful and wrongful conduct. Absent a class action, the Class members will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual member’s claims, few, if any, members of the Class could afford to seek legal redress for the wrongs complained of herein.

35. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

36. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of the Class members in individually controlling the prosecution of separate claims against Defendant are small because the maximum statutory damages in an individual action for

violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

37. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)**
**ON BEHALF OF THE NATIONAL DNC CLASS**

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to violations of 47 U.S.C. § 227(c) and its implementing regulation, 47 C.F.R. § 64.1200(c), by initiating more than one telemarketing text message within a twelve-month period to Plaintiff's and the National DNC Class members' telephone numbers, which were registered on the National Do-Not-Call Registry, without their prior express invitation or permission.

40. As a result of Defendant's negligent violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), Plaintiff and the National DNC Class members are entitled to an award of up to $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

41. Plaintiff and the National DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)**
**ON BEHALF OF THE NATIONAL DNC CLASS**

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c). Defendant's conduct was knowing and/or willful because Defendant, as a large, national entity that regularly engages in telemarketing and includes opt-out instructions in its marketing messages, was obligated to maintain and consult the National Do-Not-Call Registry prior to initiating telemarketing text messages, and failed to do so, sending Plaintiff two telemarketing text messages within six days of each other more than two months after Plaintiff's Number was registered.

44. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c), Plaintiff and the National DNC Class members are entitled to an award of up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

45. Plaintiff and the National DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the Class, prays for judgment against Defendant as follows:

a. Certification of the National DNC Class, and appointment of Plaintiff as Class representative and Plaintiff's counsel as Class counsel;

b. Statutory damages of up to $500.00 for each violation, increased to up to $1,500.00 for each knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5);

c. An injunction prohibiting Defendant from sending telemarketing calls or text messages to numbers on the National Do-Not-Call Registry, pursuant to 47 U.S.C. § 227(c)(5)(A);

d. Costs of suit and reasonable attorneys' fees as permitted by law; and

e. Such other and further relief as the Court deems just and proper.

**TRIAL BY JURY**

46. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted this 9th day of November, 2026.

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**

By: Davit Malkhasyan

Todd M. Friedman
Law Offices of Todd M. Friedman
Attorney for Plaintiff